RENDERED: APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0562-MR

JOSEPH E. WHITE                                           APPELLANT

v.             APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 21-CI-001215

FACILITIES MANAGEMENT
SERVICES, P.B.C.                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Joseph E. White ("White") appeals from an order of the Jefferson Circuit Court granting summary judgment on his discrimination claims in favor of his former employer, Facilities Management Services, P.B.C. ("FMS"). After careful review, finding no error, we affirm.

FMS hired White, an African-American male, in February 2017 as a member of the commercial cleaning team. He later received a promotion to the post-construction janitorial team, which included a slight raise. When business slowed in post-construction, he was assigned to the janitorial team.

In February 2020, White worked on a janitorial team that was assigned to Martha Layne Collins High School in Shelbyville. Ron Johnson ("Ron"), an African-American male, was his team lead and supervisor. Paula Johnson, a white female and Ron's wife, was his other supervisor, and she was also responsible for payroll and making sure the contracts remained within her budget.

A regular shift for White's team was seven to eight hours long and started at the "home" office in Lexington. The employees clocked in at the home office before departing with Ron to the job site in Shelbyville. At the end of their shift, Ron dropped each team member off at their residence, and they were instructed to clock out when they arrived at their respective residences.

On February 26, 2020, FMS terminated White for allegedly repeatedly stealing time by clocking out long after he arrived or should have arrived at his home. FMS alleged that he was previously given a final written warning for leaving the job site while on the clock and using abusive language with coworkers.

On February 25, 2021, White filed his complaint against FMS alleging his employment was terminated due to race and/or gender discrimination. The parties engaged in written discovery and took depositions.

FMS then moved for summary judgment. FMS argued White was terminated "because he repeatedly clocked out extremely late, which increased his paycheck." Record (R.) at 134. White's "termination had nothing to do with his race. In contrast, most of FMS's employees are minorities, including the supervisor who terminated his employment and the other supervisor who caught him clocking out late." *Id.* White responded opposing the motion.

On January 3, 2023, the circuit court entered an opinion and order granting summary judgment in favor of FMS. The circuit court made the following findings of fact:

FMS contends that:

On 2/20/20, Mr. White punched out at 12:14 am, whereas Ron Johnson punched out at 11:39 pm, which demonstrates Mr. White wrongfully charged approximately 65 minutes of time.

On 2/21/20, Mr. White punched out at 12:16 am, whereas Ron Johnson punched out at 11:42 pm, which demonstrates Mr. White wrongfully charged approximately 64 minutes of time.

On 2/24/20. Mr. White punched out at 12:17 am, whereas Ron Johnson punched out at 12:03 am, which demonstrates Mr. White wrongfully charged approximately 44 minutes of time.

On 2/25/20, Mr. White clocked out at 11:29 pm, over 3 hours after his shift had ended. Plaintiff's wife had already picked him up at the job site at approximately 8:00 pm, prior to him completing the cleaning of the building. Mr. Johnson and coworkers had to finish cleaning the rooms.

On February 26, 2020, Plaintiff's employment was terminated for repeatedly "stealing time." Also, Plaintiff had previously been given a final written warning for not being on the jobsite while on the clock and using abusive language to coworkers.

R. at 244-45.

The circuit court found:

FMS asserts that Mr. White cannot prove that he was replaced by a person outside the protected class. Specifically it argues that Mr. White, an African-American male was replaced by another African-American male.

Mr. White asserts in his response that he was treated differently than a female who was also on staff. He makes these assertions without providing any evidence that race and/or sex was at the basis of his firing. A bald assertion that a female employee was treated differently than he was is not enough to meet the threshold of "direct evidence" or "circumstantial evidence" is necessary under *McDonnell Douglas*. A For these reasons, the Court will grant FMS's Motion and dismiss the action against it.

R. at 247.

This appeal followed.

We apply the following standard in reviewing the circuit court's grant of summary judgment:

> The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The trial judge must view the evidence in a light most favorable to the nonmoving party, resolving all doubts in its favor. Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions.

*Bruner v. Cooper*, 677 S.W.3d 252, 269 (Ky. 2023) (quoting *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010)).

On appeal, White argues he established a prima facie case for racial and gender discrimination and successfully rebutted FMS's pre-textual reason for termination. We disagree. Under Kentucky Revised Statutes ("KRS") 344.040(1)(a), "[i]t is an unlawful practice for an employer: . . . to discharge any individual . . . because of the individual's race, color, . . . [or] sex." "There are two paths for a plaintiff seeking to establish . . . [a] discrimination case. One path consists of direct evidence of discriminatory animus. Absent direct evidence of discrimination, Plaintiff must satisfy the burden-shifting test of *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)."

*Williams v. Wal-Mart Stores, Inc.*, 184 S.W.3d 492, 495 (Ky. 2005).

The *McDonnell Douglas* framework requires a plaintiff to prove the following four elements to establish a prima facie case of discrimination: "(1) was a member of a protected class, (2) was discharged, (3) was qualified for the position from which he was discharged, and (4) was replaced by a person outside the protected class." *Charalambakis v. Asbury University*, 488 S.W.3d 568, 577 (Ky. 2016) (quoting *Williams*, 184 S.W.3d at 496).

FMS concedes that White proved the first three elements of his case. However, FMS asserts, and White does not dispute, that White was replaced by an African-American male. R. at 132. Thus, White failed to prove the fourth element of his claim.

Although FMS and the circuit court cite *Charalambakis* for the four-element test, White urges us to apply the factors in *Murray v. Eastern Kentucky University*, 328 S.W.3d 679, 682 (Ky. App. 2009): "(1) she was a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) 'similarly situated' non-protected employees were treated more favorably." We believe the *Charalambakis* factors are more applicable in this instance because White was discharged from his position and not subjected to some other adverse employment action, and *Charalambakis* is a more

recent case on national origin discrimination. However, we will apply the fourth element of the factors in *Murray* to be thorough.

White's claim also fails under the fourth element in *Murray*. He failed to prove that a "similarly situated" non-protected employee was treated more favorably. White argues a female employee, Taylor Clemons, who is either mixed race or African-American, was treated more favorably because she, nor any other employee, was penalized for clocking out using their phone. Though White and Clemons are opposite genders, they are both part of a protected racial class. Additionally, we agree with the circuit court that White's "bald assertion that a female employee was treated differently than he was is not enough to meet the threshold . . . necessary under *McDonnell Douglas*." R. at 247. As White failed to establish a prima facie case, we do not reach the burden-shifting analysis of whether the employer "articulate[d] a 'legitimate nondiscriminatory reason' for the termination decision." *Williams*, 184 S.W.3d at 497.

For the foregoing reasons, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Megan E. Ziegman
Kendra L. Rimbert
Louisville, Kentucky

BRIEF FOR APPELLEE:

Joshua T. Rose
Louisville, Kentucky